UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23376-MC-O'SULLIVAN

IN THE MATTER OF THE EXTRADITION OF
JOSE FRANCISCO CIFUENTES GONZALES

_____/

## EXTRADITION CERTIFICATION AND ORDER OF COMMITMENT

These extradition proceedings were commenced by the United States pursuant to 18 U.S.C. § 3184 and the Extradition Treaty in force between the United States and the Republic of Slovenia, as a successor state to the former Servia, signed on October 25, 1901, and entered into force on June 12, 1902 (hereinafter "the extradition treaty"). The United States and the Republic of Slovenia, as a successor state to the former Yugoslavia, are also parties to the United Nations Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances, done in Vienna on December 20, 1988, and entered into force November, 11, 1990 (hereinafter "the UN Drug Convention").

On November 4, 2009, this Court issued a complaint for the provisional arrest of Jose Francisco Cifuentes Gonzales ("Cifuentes") with a view towards extradition at the request of the United States, acting on behalf of the Republic of Slovenia. See Complaint (D.E.# 3, 11/8/09). In that complaint, the United States alleged that Cifuentes was wanted to stand trial in the Republic of Slovenia for his involvement in the unlawful trade and manufacture of narcotics,[1] specifically ecstacy tablets, in violation of Article 196, Paragraph 1 and 2 of the Slovenian Penal Code.

---

[1] There has been no evidence submitted by the government to support a charge that Cifuentes manufactured ecstacy.

On November 16, 2009, Cifuentes was arrested pursuant to an arrest warrant issued by this Court in conjunction with the issuance of the extradition complaint.  See Return of Arrest Warrant (D.E.# 9, 11/18/09).  Cifuentes has been held without bond, pending the resolution of these extradition proceedings.

**FINDINGS**

On March 12, 2010, this Court conducted an extradition hearing pursuant to 18 U.S.C. § 3184.  International extradition proceedings are governed by 18 U.S.C. § 3181 et seq. and by treaty.  In applying an extradition treaty, the Court is to construe it liberally in favor of the requesting nation.  See Factor v. Laubenheimer, 290 U.S. 276, 293-294, 54 S. Ct. 191, 195-196, 78 L.Ed. 315 (1933).  In considering the evidence presented by the Republic of Slovenia, as contained in the extradition documents submitted in support of the extradition request, the evidence offered by Cifuentes, the extradition treaty and the UN Drug Convention between the United States and the Republic of Slovenia, and the applicable law, the Court finds that the terms of the Treaty, the UN Drug Convention, and 18 U.S.C. § 3184 have been satisfied with respect to Cifuentes' extradition to the Republic of Slovenia.

In an extradition matter, the court does not determine the guilt or innocence of the accused, but rather determines whether the following elements have been satisfied in order to support extradition: (1) that the Court has jurisdiction to decide the question of extradition; (2) that a treaty of extradition exists between the United States and Slovenia, and that the crime with which Cifuentes has been charged is covered by that treaty; (3) that Cifuentes has been charged with such offense in the requesting country; (4) that the offense with which Cifuentes is charged in Slovenia is also an offense in the

2

United States (dual criminality); (5) that there is some evidence warranting the idea that there is reasonable ground to believe that Cifuentes is guilty (probable cause); and (6) that Cifuentes is the same individual charged with the offense by the requesting party of Slovenia.  See In re Extradition of Lingad, No. 06MG1278-POR, 2007 WL 628026 at *3 (S.D. Cal. 2007); In re Stern, No. 07-21704-MC-TORRES, 2007 WL 3171362 at *3 (S.D. Fla. 2007).

Cifuentes concedes and the Court is satisfied that the first four elements that the Government must prove have been established: (1) the Court has jurisdiction to decide the question of extradition; (2) that a treaty of extradition exists between the United States and Slovenia, and that the crime with which Cifuentes has been charged is covered by that treaty; (3) that Cifuentes has been charged with such offense in the requesting country; and (4) that the offense with which Cifuentes is charged in Slovenia is also an offense in the United States (dual criminality).  See Cifuentes' Motion to Dismiss (D.E.# 19, 1/22/10).

The Court will address the disputed probable cause and identity requirements of extradition below.

## Probable Cause that Cifuentes Committed the Offense

The Court's responsibility in determining probable cause, as to each charged offense in an extradition proceeding, is to determine whether, under the applicable extradition treaty, there is enough evidence to sustain the charges alleged in the complaint.  See Matter of Extradition of Lahoria, 932 F. Supp. 802, 805 (N.D. Tex. 1996).  To certify an extradition warrant, the magistrate judge need only find probable cause that the evidence is sufficient to sustain a charge.  See Polo v. Horgan, 828 F.

3

Supp. 961, 965 (S.D. Fla. 1993).  In an extradition hearing, the magistrate judge is not required to find that the evidence is sufficient to convict the individual whose extradition is sought, but only whether there is "probable cause" or "reasonable grounds" to believe the individual is guilty of the crime charged. See Fernandez v. Phillips, 268 U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970 (1925); see also Shapiro v. Ferrandina, 478 F. 2d 894, 904-05, 913-14 (2d Cir.), cert. dismissed, 414 U.S. 884, 94 S. Ct. 204, 38 L.Ed2d 133 (1973).  A magistrate judge applies the same standard of probable cause in international extradition hearings as used in preliminary hearings, in federal criminal proceedings. See Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1433 (S.D. Fla. 1993). "[C]ourts have consistently concluded that hearsay is an acceptable basis for a probable cause determination in the extradition context." Haxhiaj v. Hackman, 528 F.3d 282, 292 (4th Cir. 2008) (citing as examples Emami v. United States, 834 F.2d 1444, 1451 (9th Cir.1987); Escobedo v. United States, 623 F.2d 1098, 1102 (5th Cir.1980)).

The Court finds that there is probable cause to believe that Cifuentes trafficked ecstasy tablets from Slovenia to the United States.  The government presented evidence that on September 4, 2000, Slovenian authorities observed Mladen Babic, a known ecstasy trafficker, enter an apartment carrying a large bag of unknown contents. (D.E.# 18 at P. 77).  Shortly thereafter, Babic exited the apartment with Cifuentes.  Id. Authorities observed Cifuentes enter a Fiat Punto with license plate number LJ N1-43 J. Id.  Cifuentes drove his vehicle behind Babic, and at 4:18 p.m., the vehicles were spotted in front of a post office at Kogejeva ulica.  Id.  At 4:19 p.m., Cifuentes entered the post office at Trzaska cesta 68/a and air-mailed two (2) envelopes while Babic stood in a phone booth in the same post office.  Id.  After observing Babic and

4

Cifuentes drive away from the post office, Slovenian authorities stopped the Fiat Punto with license plate number LJ N1-43J.  Id.  The driver of the vehicle was identified as Cifuentes, born on September 24, 1969,[2] with a permanent residence at 11250 S.W. 61, TR, 33/37 Miami, Florida, USA.  (D.E.# 18 at P. 77-78).  Slovenian authorities also uncovered a rental contract indicating that Cifuentes was using a Fiat Punto with license plate number LJ N1-43J at the time.  (D.E.# 18 at P. 77).

After Cifuentes was pulled over, he followed Babic to the post office at Cesta v mestni log 81 where they both parked their vehicles.  (D.E.# 18 at P. 78).  Cifuentes entered the post office and posted letter consignments while Babic waited in his vehicle in front of the post office.  Id.  Babic and Cifuentes then drove their vehicles to Cesta v mestini log 55, where both parked in front of a post office.  Id.  Cifuentes entered the post office and mailed two (2) letter consignments while Babic used the public telephone at the post office.  Id.  Babic and Cifuentes then drove their own vehicles to a post office at Riharjeva ulica 26 where they entered together and Cifuentes posted a letter consignment.  Id.  Cifuentes and Babic each drove their vehicles away from the post office and stopped to converse.  Id.  Cifuentes and Babic then drove their vehicles in different directions.  Id.  At 5:22 p.m., authorities observed Cifuentes enter the post office at Slovenska cesta 32 and post two (2) more letter consignments.  Id.  At 5:34 p.m., Cifuentes entered the post office at Rimska cesta 14 and posted another letter consignment.  Id.

On September 5, 2000, Slovenian authorities confiscated eleven (11) letter

---

[2] Cifuentes' passport reflects a date of birth of October 24, 1969 (D.E.# 26 at A-2).

consignments that Cifuentes and Babic attempted to post to various addresses in Miami, Florida, United States on September 4, 2000.[3] Id.  The consignments contained approximately 5,000 ecstasy pills.  Id.  The evidence also suggests that the handwritten addresses on the confiscated packages were prepared by one individual, who is not of Slovenian descent or upbringing, like Cifuentes.  (D.E.# 18 at P. 78, 131).

Cifuentes' statements made during his arrest to Deputy Xavier Jorge also establish probable cause for extradition.  Immediately upon arrest, Cifuentes told his mother several times that "this was about a problem in Europe."  (D.E.# 18 at P. 366).  During transport, he admitted that he "could not believe this was happening after so much time," and that he "knew this would come back to haunt [him] someday."  Id.  Cifuentes also stated that, "if [he] had been arrested for this charge a few years prior [he] wouldn't be so upset" and would "take whatever time [he] got and deal with it."  (D.E.# 18 at P. 366).  He also told Deputy Xavier Jorge that the authorities do not have any evidence against him and "at most they might have [him] on video going to the post office."  (D.E.# 18 at P. 366).  Cifuentes would not have made these statements if he had no knowledge of the alleged offense, especially that it occurred in Europe, happened a long time ago, and involved post offices.

The Court finds that the evidence presented by the government is sufficient to support probable cause that Cifuentes trafficked in ecstacy.

---

[3]Slovenian authorities also seized suspicious letter consignments that were posted on August 30, 2000.  (D.E.# 18 at P. 76).  During the inspection, it was determined that the August 30, 2000 letter consignments contained approximately 500 ecstasy tablets each.  Id.  Authorities discovered that two of the intended recipients were relatives of Cifuentes residing in Miami, Florida.  Id.

## Cifuentes is the Same Individual Charged With the Offenses by Slovenia

Cifuentes argues that he has not been identified as the same individual charged with the offenses by the requesting party of Slovenia.  (D.E.# 19, 1/22/10).  Cifuentes claims that there is no evidence to prove that he was present in Slovenia at any time, let alone from August 9, 2000 to September 6, 2000.  Id.  However, Cifuentes' passport provides proof that he was at least in Slovenia on August 9, 2000, when his passport was stamped by authorities in Brnik, Slovenija (Slovenia).  (D.E.# 26, 3/10/10).  Aside from the stamp in his passport indicating that he was in Slovenia during the time period alleged in the extradition request, Cifuentes was also stopped and identified by Slovenian authorities on September 4, 2000.  (D.E.# 18 at P. 77).  A report by the State Prosecutor's Office of the Republic of Slovenia indicates that at 4:34 p.m. on September 4, 2000, Slovenian police stopped a Fiat Punto, license plate number LJ N1-43J.  Id.  The driver of the vehicle was identified as Jose Francisco Cifuentes, an American citizen, born on September 24, 1969[4], with permanent residence at 11250 S.W. 61, TR, 33/37 Miami, Florida, USA.  (D.E.# 18 at P. 77-78).  Slovenian authorities also uncovered a rental contract indicating that Cifuentes was using a Fiat Punto with license plate number LJ N1-43J at the time.  (D.E.# 18 at P. 77).

Cifuentes' post-arrest statements indicate that he is the same individual charged with the unlawful trade and manufacture of narcotics by the Republic of Slovenia.  After his arrest, Cifuentes told his mother several times that "this was about a problem in Europe."  (D.E.# 18 at P. 366).  During transport, he admitted that he "could not believe

---

[4] Cifuentes' passport reflects a date of birth of October 24, 1969 (D.E.# 26 at A-2).

this was happening after so much time," and that "if [he] had been arrested for this charge a few years prior [he] wouldn't be so upset" and would've  "take[n] whatever time [he] got and deal[t] with it."  Id.  Cifuentes also stated that he "knew this would come back to haunt [him] someday."  Id.  He also told Deputy Xavier Jorge that the authorities do not have any evidence against him and "at most they might have [him] on video going to the post office."  (D.E.# 18 at P. 366).  Cifuentes would not have made these statements if he was not connected the alleged offense.  He stated that he was involved in a problem in Europe that happened a long time ago and involved post offices, indicating that he is the same individual charged with the crime by the Republic of Slovenia.

## **CONCLUSIONS**

Based on the foregoing, this matter is certified to the Secretary of State in order that a warrant may issue, upon the requisition of the proper authorities of the Republic of Slovenia, for the surrender of Jose Francisco Cifuentes Gonzales on the charges relating to the unlawful trade of narcotics[5], in violation of Article 196, Paragraph 1 and 2 of the Slovenian Penal Code, according to the provisions of the Treaty between the United States and the Republic of Slovenia and the UN Drug Convention.

It is hereby

ORDERED AND ADJUDGED, that Jose Francisco Cifuentes Gonzales be committed to the custody of the United States Marshal, or his authorized

---

[5] The government has submitted no evidence to establish probable cause that Cifuentes manufactured ecstacy, therefore his extradition is limited to the unlawful trade of ecstacy.

representative, to be confined in appropriate facilities and to remain there until he is

surrendered to the Republic of Slovenia pursuant to applicable provisions of the

extradition treaty and law; and it is further

     ORDERED AND ADJUDGED that the United States Attorney for this judicial

district shall forward a copy of this Certification and Order, together with a copy of all

transcripts of proceedings and copies of documents received into evidence in this

matter to the Secretary of State.

     DONE AND ORDERED, in Chambers, at Miami, Florida, this **29th** day of

March, 2010.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record
U.S. Marshals (2 certified)